IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kathy Alexander, | ) | Civil Action No. 8:10-цv-1327-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff filed this action seeking judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's benefits. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to a United States Magistrate Judge for pretrial handling. As detailed herein, this Court adopts the Report and Recommendation of the Magistrate Judge.

The Magistrate Judge recommended reversing the decision of the Commissioner denying benefits and remanding the matter to the Commissioner. (Dkt. No. 12). Defendant has filed notice that he does not intend to object. (Dkt. 16).

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b) (1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).

**Law/Analysis**

First, the ALJ found Plaintiff had the following severe impairments: fibromyalgia, depression, somatoform disorder, chronic fatigue syndrome, arthritis, and polyarthralgias of the knees. (Tr. 10.) However, the ALJ found Plaintiff's impairments did not meet the requirements of the listings. (Tr. 11–12.) Plaintiff contends her severe impairments and symptoms of fibromyalgia and chronic fatigue syndrome equal Listing 1.02, Major dysfunction of a joint(s). (Dkt. No. at p. 19.) Plaintiff also contends her impairments meet the requirements of or equal Listing 12.04, Affective Disorders. (Dkt. No. 7 at p. 21.)

To determine whether the plaintiff's impairments meet or equal a listed impairment, the ALJ identifies the relevant listed impairments and compares the listing criteria with the evidence of the plaintiff's symptoms. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) (stating that without identifying the relevant listings and comparing the plaintiff's symptoms to the listing criteria, "it is simply impossible to tell whether there was substantial evidence to support the determination"). Therefore, the ALJ was required to determine if Plaintiff's fibromyalgia equals the criteria of a listing. *See Cook*, 783 F.2d at 1173.

A claimant's unlisted impairment or combination of impairments is equivalent to a listed impairment if the findings related to the claimant's impairment, or combination of impairments, is of equal medical significance to the findings of a closely analogous listed impairment. 20 C.F.R. § 404.1526(b). The "findings" related to an impairment include specific medical signs, symptoms, or laboratory test results. SSR 91-7C, 56 Fed. Reg. 36,815-02, 36,817 (Aug. 1, 1991). However, "[a] claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of his unlisted

3

impairment or combination of impairments is as severe as that of a listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

As Plaintiff argues, one musculoskeletal listing similar to Plaintiff's impairments is Listing 1.02, Major dysfunction of a joint. While the ALJ found Plaintiff's fibromyalgia to be a severe impairment, the ALJ failed to discuss Plaintiff's fibromyalgia in concluding that Plaintiff's impairments, singularly or in combination, failed to equal a listed impairment. Although the substantial evidence standard of review requires the Court to uphold the ALJ's disability determinations, the Court cannot conduct the review when it is unable to determine how the ALJ viewed particular evidence. S*ee Gordon v. Schweiker*, 725 F.2d 231, 235–36 (4th Cir. 1984). Based upon the evidence in this record, the ALJ should have considered whether Plaintiff's impairments, or combination of impairments, satisfy the requirements of Listing 1.02. Thus, remand is necessary.

Next, the ALJ concluded Plaintiff's mental impairments, considered singularly and in combination, do not meet or equal the criteria in Listings 12.04, Affective Disorders, and 12.07, Somatoform Disorders. (Tr..11.). Plaintiff alleges she meets Listing 12.04 based on her diagnosis of depressive disorder. (Dkt. No. 7 at p. 21.)

The ALJ specifically considered the criteria of Listing 12.04B and 12.04C and found Plaintiff's mental impairments did not meet the requirements. (Tr. 11–12.) The ALJ found Plaintiff had mild restrictions of activities of daily living, noting Plaintiff told David Tollison, Ph.D., who saw Plaintiff for a psychological evaluation, that she had a license, drove, prepared simple meals, did laundry, and cared for her personal hygiene, and Plaintiff testified she was able to fold laundry. (Tr. 11; *see* Tr. 33, 107–08, 353–54.) Further, the ALJ found Plaintiff had moderate difficulties in social functioning, noting

that she said she had neighbors but did not socialize with them on a regular basis, watched television, and read romantic novels. (Tr. 11; *see* Tr. 34–35, 109, 353.)

Here, the ALJ provided reasoning to support his decision with respect to the Plaintiff's failure to meet Listing 12.04. The ALJ's conclusion is supported by substantial evidence, the ALJ's finding that Plaintiff fails to meet Listing 12.04 is conclusive. *See* 42 U.S.C. § 405(g).

In addition, Plaintiff argues that the ALJ's conclusion regarding Plaintiff's residual functional capacity ("RFC") is incorrect because the ALJ failed to adequately consider Plaintiff's limitations caused by her numerous medical problems. (Dkt. No. 7 at p. 24.) Plaintiff also complains that the ALJ failed to mention the opinions of treating physicians. (Dkt. No. 7 at p. 27.)

Social Security Ruling ("SSR") 82-62 clearly states that "[t]he decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision." SSR 82-62, "Titles II and XVI: A Disability Claimant's Capacity To Do Past Relevant Work, In General," S.S.R. Cum. Ed. 1981–1985, at 400. Further, because the RFC determination is an important and, sometimes, a controlling issue, "every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." *Id.* The ALJ's explanation of his RFC assessment must describe the weight attributed to the pertinent medical and non-medical factors in the case. *Osgood v. Astrue*, No. 2:08-3386, 2010 WL 737839, at *7 (D.S.C. Mar. 2, 2010).

The ALJ may determine a treating physician's opinion does not warrant controlling weight; then the ALJ must assign a weight to the medical opinion based on several factors. 20 C.F.R. § 404.1527(d). Courts typically "accord 'greater weight to the testimony of a treating physician' because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant." *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005) (quoting Mastro, 270 F.3d at 178).

In determining Plaintiff's RFC, the ALJ gave supported reasoning for discrediting the opinion of Dr. Tollison, a non-treating physician. (Tr. 14.) However, when the ALJ addressed and discredited the opinions of treating physicians Dr. Repik and Dr. Merchant, he summarily concluded that Dr. Repik's "assessment was unsupported and inconsistent with the evidence of record," and Dr. Merchant's "conclusions were inconsistent with his examinations and are not supported by objective medical findings or treating notes of record." (Tr. 15.) The ALJ failed to provide even one instance or example of tension between the opinions of Drs. Repik and Merchant and the record, unlike his discussion of Dr. Tollison's opinion. Thus, the Court cannot conclude that the ALJ's decision regarding Plaintiff's RFC is supported by substantial evidence.

Finally, Plaintiff contends the ALJ presented improper hypotheticals to the vocational expert because the ALJ's conclusion was based on hypotheticals that were composed with RFC limitations inconsistent with limitations imposed by Plaintiff's treating physicians. (Dkt. No. 7 at pp. 29–31.) "In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 49–50 (4th Cir. 1989)

6

(citations omitted). Here, the ALJ based his hypothetical on a RFC the Court has found is not supported by substantial evidence. Accordingly, the ALJ must revisit this issue as well.

## Conclusion

Based on the above, the Commissioner's decision is REVERSED pursuant to sentence four of 42 U.S.C. § 405(g) and the case is REMANDED to the Commissioner for further administrative action as outlined herein.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 8, 2011
Charleston, South Carolina